# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYSHAWN A. HILL, | : | CIVIL NO. 3:CV-13-2131 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Tyshawn A. Hill ("Hill" or "petitioner"), a federal inmate incarcerated at the United States Penitentiary at Canaan, Waymart, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

On June 1, 2005, in the United States District Court for the Eastern District of Tennessee, a jury convicted Hill and his co-defendant, Rondrell Sanford, of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846, and a substantive count of possession with intent to distribute same in violation of 21 U.S.C. § 841 and 21 U.S.C.§ 2.

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

United States v. Hill, 476 F.3d 391, 394 (6th Cir. 2007). On September 14, 2005, he was sentenced to two concurrent life sentences. (Doc. 3, at 11.) He filed a timely appeal. On February 6, 2007, the judgment of the district court was affirmed. United States v. Hill, 476 F.3d at 396.

On April 17, 2008, Hill filed a motion in the district court seeking a copy of the grand jury concurrence form to prove that there was never an indictment against him. (Doc. 3, at 3.) The district court denied the motion on April 22, 2008. (Id.) He filed an untimely appeal. United States Court of Appeals for the Sixth Circuit Electronic Docket, United States v. Hill, No. 08-5790, October 14, 2008. Consequently, the appeal was dismissed for lack of jurisdiction. Id. citing FED. R. APP. P. 4(b). Hill has taken no further action; specifically, he has not collaterally attacked his conviction *via* a motion to vacate under 28 U.S.C. § 2255.

The instant petition pursuant to 28 U.S.C. § 2241 was filed on August 12, 2013.

**II.  Discussion**

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. § 2255. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)); see Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (stating that "[s]ection 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction

and sentence in the first instance."). Indeed, a court is specifically prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. § 2241 "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see Okereke, 417 F.3d at 120 (finding that "[section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.'") (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety-valve language in § 2255, *i.e.*, that the remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention, has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971) (concluding that unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (finding doubts about the administration of a § 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir.

3

2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

Hill failed to pursue relief *via* § 2255 and concedes that he is now time-barred. (Doc. 2, at 4.) He also concedes that 2255 is not inadequate or ineffective. (Id. at 4.) The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:    October 11, 2013